UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose GUADARRAMA,
Defendant-Appellant.

No. 83–1193.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1984.

Decided Sept. 5, 1984.

**488**

William Farmer, Jr., Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Barry J. Portman, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Before KENNEDY and CANBY, Circuit Judges, and McGOVERN,[*] District Judge.

PER CURIAM:

Jose Guadarrama pleaded guilty to a violation of 18 U.S.C. § 659 (1982), theft from an interstate shipment. On March 25, 1983, the district court sentenced him to one year in prison but suspended execution of the sentence and placed Guadarrama on probation for two years. One of the conditions of probation was that Guadarrama "refrain from violation of any law (federal, state and local)."

That same night, Guadarrama's activities caused him to be arrested and charged with driving under the influence of alcohol and hit and run driving. On May 31, 1983, Guadarrama pleaded *nolo contendere* to the charge of driving under the influence, and the San Francisco Municipal Court accordingly entered a conviction and sentenced Guadarrama to probation. The hit and run charge was dismissed.

Guadarrama's federal probation officer thereupon petitioned the district court to revoke the federal probation. A revocation hearing was held at which the only evidence admitted to show a violation of probation was Guadarrama's conviction in Municipal Court, entered pursuant to his plea of *nolo contendere.* The district court found that Guadarrama had violated his probation by having been convicted in Municipal Court, and sentenced him to jail for thirty days, to be served on weekends.

Guadarrama contends that it is a violation of due process and Federal Rule of Criminal Procedure 32.1(a)(2) to revoke his federal probation solely on the basis of a conviction pursuant to a *nolo* plea. He argues that a *nolo* plea is not an admission of guilt and that therefore a conviction entered solely upon the plea does not establish commission of the underlying offense.

We cannot agree that a conviction entered upon a plea of *nolo contendere* is so limited for purposes of a revocation of federal probation. It is true that a *nolo* plea "has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." *North Carolina v. Alford,* 400 U.S. 25, 36 n. 8, 91 S.Ct. 160, 166 n. 8, 27 L.Ed.2d 162 (1970). Yet the *nolo* plea removes every issue of fact from the case and authorizes the entry of a conviction. *Lott v. United States,* 367 U.S. 421, 426, 81 S.Ct. 1563, 1566, 6 L.Ed.2d 940 (1961). The plea and the conviction that follow upon it can hardly be viewed as inconsequential; the issue is simply what consequences to give them and where.

The California statute governing the *nolo* plea entered by Guadarrama largely answers the question:

The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based

---

[*] The Honorable Walter T. McGovern, Chief United States District Judge for the Western District of Washington, sitting by designation.

upon or growing out of the act upon which the criminal prosecution is based. Cal.Penal Code § 1016 (West Supp.1984). The natural construction of the statute is that *nolo* pleas in non-felony cases may be used against the defendant with but one narrow exception.[1] If such pleas could not be used for *any* other purpose, as Guadarrama contends, then the statutory exception would be wholly unnecessary. That exception does not apply here; a federal probation revocation hearing is clearly not a civil suit growing out of the act charged. There is therefore no attribute of a *nolo* plea in California that makes the ensuing conviction different from any other conviction for purposes of a federal probation revocation hearing. Section 1016 put Guadarrama on notice of that fact.

 Whatever effect Guadarrama's conviction might be given in other circumstances, it violates neither due process nor the right of cross-examination of Fed.R. Crim.P. 32.1(a)(2) to consider it probative of the charge in the special circumstances of a probation revocation hearing. There is much support for the district court's view that revocation proceedings are *sui generis.* The district court has broad discretion in revoking probation. *Higdon v. United States,* 627 F.2d 893, 900 (9th Cir.1980). The standard of proof required is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *United States v. Bonanno,* 452 F.Supp. 743, 747 (N.D.Cal. 1978), *aff'd,* 595 F.2d 1229 (9th Cir.1979) (quoting *United States v. Francischine,* 512 F.2d 827 (5th Cir.1975)). The judge may revoke probation when reasonably satisfied that a state or federal law has been violated, and conviction is not essential. *United States v. Carrion,* 457 F.2d 808, 809 (9th Cir.1972); *see Kartman v. Parratt,* 535 F.2d 450, 458 (8th Cir.1976).

Guadarrama's conviction for driving under the influence, even though entered upon his *nolo* plea, could properly serve reasonably to satisfy the district judge that Guadarrama had violated "any law." Neither common experience nor the strictures of § 1016 of the California Penal Code dictate to the contrary. Guadarrama's contention that his *nolo* plea confines the effect of the ensuing conviction to that case only is refuted by the fact that such convictions may serve as the basis for California professional disciplinary proceedings. *See, e.g., Cal.Bus. & Prof.Code* §§ 2765, 6101, 6576 (West 1974 & Supp.1984). It is not improper for the federal court to give collateral effect to Guadarrama's conviction when California does. We therefore find no error in the judgment of the district court revoking Guadarrama's probation and imposing thirty days confinement.

AFFIRMED.

---

1. California's narrow prohibition on the use of a *nolo* plea is to be contrasted with that of Fed.R. Crim.P. 11(e)(6), which makes such a plea inadmissible against the defendant "in any civil or criminal proceeding," with minor exceptions. Rule 11 is not applicable here because it governs *nolo* pleas entered in federal criminal proceedings.