**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael L. VERBEKE,
Defendant–Appellant.**

No. 86–2263.

United States Court of Appeals,
Seventh Circuit.

Argued May 29, 1987.

Decided July 27, 1988.

denied his constitutional rights to counsel, to due process and to confront witnesses during the investigation which revealed the violation, thereby tainting the revocation hearing, and 3) whether the district court erred in not giving Verbeke credit for time served while on probation. Finding that the district court did not abuse its discretion, that Verbeke has not been denied his constitutional rights, and that Verbeke was not entitled to any credit for time served, we affirm Verbeke's probation revocation and sentence.

I

On October 24, 1985, in the Southern District of Indiana, Verbeke pled guilty to one count of embezzlement in violation of 18 U.S.C. § 657. On January 8, 1986, the district court sentenced Verbeke to three years imprisonment, the execution of which was suspended to three years probation. One of the conditions of probation required Verbeke to reside at the Volunteers of America Community Treatment Center ("VOA") for 120 days.

On March 11, 1986, Verbeke's wife told his probation officer, Barbara Roembke, that Verbeke had been raped and robbed at the VOA. Verbeke confirmed this report and told Roembke that he was attacked by two black males, however, he could give little more information and could not positively identify his assailants. Ms. Roembke and the VOA staff initiated an investigation, during which Verbeke was placed on court ordered special home furlough. The investigation concluded that Verbeke had fabricated the attack because of the lack of evidence to support Verbeke's story. This conclusion prompted Ms. Roembke to file a probation violation petition alleging that Verbeke's false statements violated two rules of the Federal Prison System Prohibited Acts, namely; rule 7 prohibiting interfering with the orderly running of the VOA and rule 33 prohibiting lying to a staff member.

I. Marshall Pinkus, Indianapolis, Ind., for defendant-appellant.

Melanie C. Conour, Asst. U.S. Atty., John Daniel Tinder, U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before RIPPLE, Circuit Judge, MANION, Circuit Judge, and REYNOLDS, Senior District Judge.[*]

REYNOLDS, Senior District Judge.

Defendant-appellant Michael L. Verbeke appeals from the district court order revoking his probation for violation of probation conditions. On appeal, Verbeke raises several issues: 1) whether the district court abused its discretion in admitting hearsay evidence at the revocation hearing, in finding a probation violation, and in committing Verbeke to prison, 2) whether Verbeke was

[*] The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

On May 29, 1986, the district court held the probation revocation hearing and on June 27, 1986, the court ruled that Verbeke had violated his probation. The court sentenced Verbeke to three years in prison and no credit was given for time spent on probation.

## II

Verbeke contends that the district court abused its discretion in several ways. Verbeke argues that the court abused its discretion by admitting hearsay evidence at the revocation hearing because it was not reliable. Specifically, Verbeke challenges the admission of the VOA investigative report.

■ Except for the rules of privilege, the Rules of Evidence do not apply at a probation revocation hearing and, thus, hearsay evidence is admissible. 1101(d)(3) Fed.R.Ev. Moreover, there is no basis in the record to challenge the reliability of the evidence considered by the district court. Reports such as the VOA report presented here are reliable. *United States v. McCallum*, 677 F.2d 1024 (4th Cir.1982), *cert. denied*, 459 U.S. 1010, 103 S.Ct. 365, 74 L.Ed.2d 400 (1982). Additionally, the witness statements in the report were not discredited by any physical evidence and, at the hearing, Verbeke was permitted wide latitude in cross examining John Mahan, the VOA program director and author of the VOA report.

■ Verbeke next argues that the district court abused its discretion in finding that Verbeke had violated his probation because the evidence presented was unreliable. The judge has broad discretion at a probation revocation hearing and must only be satisfied that the conduct of the probationer has not been as good as required by the conditions of probation. *United States v. Torrez–Flores*, 624 F.2d 776, 780–81 (7th Cir.1980), *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir.1975), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975). The evidence presented against Verbeke was reliable. Moreover, no evidence was presented to corroborate Verbeke's account of the attack other than Verbeke's own testimony. The trial court determines the credibility of the witnesses and the judge was justified in finding Verbeke's story unbelievable and ruling that Verbeke's false statements violated conditions of his probation.

■ Finally Verbeke argues that the district court judge abused its discretion when he committed Verbeke to prison. This argument is without merit. There is no requirement that a probationer be given another chance. When a defendant's probation is revoked, he may be ordered incarcerated. *United States v. Feinberg*, 631 F.2d 388, 390 (5th Cir.1980) citing *Roberts v. United States*, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943).

## III

■ Verbeke argues that the VOA investigation denied him his constitutional rights to counsel, to confront witnesses and to due process. The investigation took place while Verbeke was at the VOA and on home furlough. Verbeke has not argued that he was deprived of his constitutional rights during the revocation proceedings, however, he argues that the deprivation of his rights during the VOA investigation tainted the revocation proceedings.

Verbeke's argument is without merit. Rule 32.1 of the Federal Rules of Criminal Procedure provides certain protections to a person facing revocation of probation. The record shows that Verbeke received these protections. Nothing more is required. Regardless of what happened during the VOA investigation, Verbeke was clearly given ample opportunity to present his case at the revocation hearing and to challenge the VOA investigation. The record does not support the conclusion that Verbeke's constitutional rights were in anyway deprived during the revocation hearing or that the revocation hearing was tainted by the VOA investigation.

## IV

■ Verbeke's last argument is that the district court erred when it denied Ver-

beke credit for time served while on probation at the VOA and on home furlough. This argument is without merit. While on probation, Verbeke was not in custody in connection with the offense for which sentence was imposed. *United States v. Saykally,* 777 F.2d 1286 (7th Cir.1985). Since Verbeke was not in custody, he is not entitled to receive credit for time served. 18 U.S.C. § 3568. The refusal to credit time spent on probation against the prison sentence does not constitute double jeopardy. *United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980).

For all of the above reasons, the district court's revocation of Michael Verbeke's probation and imposition of sentence is affirmed.