875 F.2d 319
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence R. McCUBBINS, Defendant-Appellant.
 No. 88-3214.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1989.
May 15, 1989.
 Before ALARCON, FERGUSON, DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence R. McCubbins appeals from the order revoking his probation for failure to comply with a special term of probation. Under the special term, McCubbins was required to file tax returns and pay all taxes, penalties, and interest for the years 1977 and 1978. McCubbins contends that mailing W-2 forms to the Internal Revenue Service (IRS) for the years 1977 and 1978 complied with this requirement and therefore the revocation of his probation was an abuse of discretion. We disagree and affirm.
 
 
 3
 * On August 8, 1984, McCubbins was charged with two counts of willfully failing to file income tax returns for the years 1977 and 1978 in violation of 26 U.S.C. Sec. 7203. On September 13, 1984, McCubbins waived his right to trial, judgment, and sentencing before a district judge and consented to proceed before a magistrate. On March 15, 1985, McCubbins was convicted by a jury on both counts. The court sentenced McCubbins to six months imprisonment and three years probation. In addition to the usual terms of probation, McCubbins was required to "file all proper federal tax returns not filed, and in all respects comply with the Internal Revenue Code, and ... make arrangements with the IRS to pay all taxes, penalties, and interest relating to the years in question before the court." (emphasis added).
 
 
 4
 On March 9, 1988, McCubbins' probation officer petitioned the court for an order revoking probation. A hearing was scheduled for March 31, 1988. These proceedings were continued until June 15, 1988 to allow additional time for McCubbins to file the 1977 and 1978 tax returns. On May 23, 1988, McCubbins mailed to the IRS his 1977 and 1978 W-2 forms accompanied by a handwritten note requesting that the IRS compute his taxes.
 
 
 5
 On August 25, 1988, the court revoked probation and ordered that McCubbins be incarcerated for one year on each count with credit for time served. The court concluded that McCubbins had failed to comply with the special term of probation requiring the proper filing of income tax returns for 1977 and 1978. The court found that McCubbins intentionally failed to submit proper income tax returns showing his gross income for 1977 and 1978.
 
 II
 
 6
 We review an order revoking probation for abuse of discretion. United States v. Daly, 839 F.2d 598, 599 (9th Cir.1988). Discretion is abused if it is based on an erroneous legal standard or on clearly erroneous findings of fact. Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir.1987). A district court has broad discretion in determining whether to revoke probation. United States v. Dane, 570 F.2d 840, 843 (9th Cir.1977) (citing Burns v. United States, 287 U.S. 216, 221-23 (1932)), cert. denied, 436 U.S. 959 (1978). "The standard of proof required is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984) (citation omitted).
 
 III
 
 7
 McCubbins argues he complied with the court's order that he file all proper federal tax returns for the years 1977 and 1978 by submitting his W-2 forms to the IRS. He contends that the IRS only requires income statements and taxpayer identification for a proper filing. He argues that "[t]he calculations [of actual tax due] may be left to the Service itself."
 
 
 8
 McCubbins asserts that the IRS accepted a submission of a W-2 form for 1985 in lieu of a 1040 form. The record does not support this argument. To the contrary, the submission by McCubbins of a W-2 form was not accepted as a tax return for 1985. Instead, the evidence shows that the IRS wrote to McCubbins as follows concerning the submission of a W-2 form as a tax return for the year 1985:
 
 
 9
 We've previously asked you to send us Form 1040 for the tax period above. We have not received a response from you. We must conclude that you do not intend to give us the reason for not filing. Therefore, we have figured your tax and proposed penalties based on the income reported to us by your payors.
 
 
 10
 This evidence demonstrates that the mere submission of a W-2 form is not accepted by the IRS as a proper method of complying with the requirement that a taxpayer file an income tax return.
 
 
 11
 Alternatively, McCubbins asserts that the record shows that he made a good faith effort to comply with IRS requirements and the condition of his probation that he file his 1977 and 1978 returns. In his brief before this court, McCubbins states that he relied on three sources in support of his belief that submitting a W-2 form is sufficient to satisfy the requirement of filing a federal tax return. He cites a 1946 edition of the Federal Register, which states: "The original [W-2] is used as an optional income tax return by the employee in lieu of Form 1040." 11 Fed.Reg. 177 A-39 (1946). Additionally, McCubbins claims that he relied on advice from a tax expert who allegedly suggested that submitting W-2 forms was sufficient. McCubbins also indicates that he relied on 14 Mertens, Law of Federal Income Taxation, Sec. 57.29 (1988). Section 57.29 provides: "[W]age earners are expressly permitted to use a copy of the wage withholding statements furnished by their employers as and for their returns, under stated conditions." Id. There is no evidence in the record that McCubbins relied on these sources. McCubbins did not testify concerning his state of mind or the authority he relied upon in filing the 1977 and 1978 W-2 forms instead of a 1040 tax return. McCubbins' alleged good faith compliance is not supported by the record.
 
 
 12
 The applicable regulation regarding the sufficiency of a filing is 26 C.F.R. Sec. 1.6011-1 (1988). Section 1.6011-1 provides:
 
 
 13
 Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein. Returns which have not been so prepared will not be accepted as meeting the requirements of the Code. In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without necessary delay such a tentative return is supplemented by a return made on the proper form.
 
 
 14
 This regulation requires a taxpayer to disclose his gross income and deductions within the prescribed time followed by a timely filing of the proper form supplementing the tentative return. Id.
 
 
 15
 The evidence presented at trial on the issue of guilt and at the probation revocation proceeding demonstrated that the W-2 forms submitted by McCubbins did not represent his actual gross income for 1977 and 1978. McCubbins' W-2 forms indicated a gross income of only $16,057.34 and $600.00 for the years 1977 and 1978 respectively. The evidence showed that McCubbins' gross income was approximately $167,000 in 1977 and $29,000 in 1978. This evidence was not contested at the revocation proceedings.
 
 
 16
 The record demonstrates that McCubbins failed to file a proper income tax return that accurately reported his gross income for 1977 and 1978. His argument that he complied with the terms of his probation is without merit.
 
 CONCLUSION
 
 17
 The record shows that McCubbins had prior notice from the IRS that the filing of a W-2 form is not a proper tax return. The district court did not clearly err in finding that McCubbins did not properly report his gross income for the years 1977 and 1978 as required by the term of his probation. We conclude that the court did not abuse its discretion in revoking probation.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3