898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David F. MOSTELLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David F. MOSTELLER, Defendant-Appellant.
 Nos. 88-5174, 89-5056.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1989.
Decided: Feb. 20, 1990.
Rehearing and Rehearing In Banc Denied March 28, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CR-84-149-A, CR-88-81-R)
 John F. McGarvey, Russell C. Williams, for appellant.
 Stephen W. Miller, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and JAMES C. FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In 1984, the appellant, David F. Mosteller, pled guilty to two counts of Interstate Transportation in Aid of Racketeering, in violation of 18 U.S.C. Secs. 1952(a)(3) and 2. He was sentenced to a term of imprisonment of one year and one day on the first count and a concurrent five-year term of incarceration on the second count. All but six months of the sentence was suspended, permitting appellant to serve five years of supervised release in lieu of the full term of incarceration. In addition, Mosteller was to perform 300 hours of community service, as directed by his probation officer. In 1988, Susan Smith, appellant's third probation officer, filed a petition to revoke probation. Smith began this proceeding after the appellant refused to provide her with certain documentation pertaining to the terms of his probation, including verification of community service hours completed.
 
 
 2
 After a hearing, at which the district court considered each of the seven alleged probation violations, the appellant's probation was revoked. At that time, the district court ordered that the appellant turn himself in to the Federal Corrections Institute in Petersburg, Virginia, that afternoon. Rather than comply, the appellant fled to Philadelphia, Pennsylvania, where he obtained a credit card, a driver's license, a Social Security card, and the title to a truck under the assumed name of Charles David Alexander. Thirty-two days later, the appellant was apprehended by federal authorities.
 
 
 3
 Following his arrest, the appellant pled guilty to the charge of failing to appear in violation of 18 U.S.C. Sec. 3146. Upon entering this plea, he requested the preparation of a presentence report, 18 U.S.C. Sec. 3352, to determine whether a downward sentencing adjustment for diminished mental capacity was warranted. (Appellant claimed to have had a mental breakdown resulting in his flight to Philadelphia.) A presentence report was prepared, and the appellant was sentenced pursuant to the provisions of the Federal Sentencing Guidelines to 27 months' imprisonment, 3 years' supervised release, and a fine of $3,050. Appellant's sentence included a two-level increase for "willfully obstructing or impeding proceedings." Federal Sentencing Guidelines Sec. 3C1.1. This appeal followed and we affirm.
 
 I.
 
 4
 The appellant now cites three instances of error demanding our reversal of his conviction. We discuss each briefly. Appellant's first contention is that it was error for the district court to revoke his probation. At his revocation hearing, the appellant faced seven charges against him, of which he conceded five. A sixth, he did not contest.[1] The seventh alleged violation--attempting to harass and intimidate a federal officer--appellant contested and was absolved.
 
 
 5
 It is well settled that the decision of whether or not to revoke probation is entrusted to the sound discretion of the district court, and it is only upon a clear showing of abuse of that discretion that the court's decision will be reversed. See United States v. Babich, 785 F.2d 415, 418 (3d Cir.), cert. denied, 479 U.S. 833 (1986); United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984); United States v. Rice, 671 F.2d 455, 458-459 (11th Cir.1982). The standard of proof required for revocation is that the evidence and facts be such that a judge be reasonably satisfied that the conduct of the probationer has not been in conformity with the conditions of probation. United States v. Verbeke, 853 F.2d 537, 539 (7th Cir.1988). The record reflects that the appellant conceded before the district court at least five probation violations. In light of such concession, there is ample evidence that the appellant was not in conformity with the conditions of his probation. Therefore, the court properly revoked the appellant's probation and ordered that he serve a period of incarceration in a federal penitentiary. United States v. Olivares-Martinez, 767 F.2d 1135, 1137-38 (5th Cir.1985).
 
 II.
 
 6
 Appellant next contends that it was error for the district court to apply the obstruction adjustment, Section 3C1.1 of the Federal Sentencing Guidelines, in this case. Section 3C1.1 provides that:
 
 
 7
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level from Chapter 2 by 2 levels.
 
 
 8
 Appellant now attacks this statute on its face as unconstitutional and further argues that even if constitutional, it was misapplied in his case. With regard to constitutionality, the appellant argues that the Federal Sentencing Commission exceeded the scope of its Congressional mandate by creating an obstruction offense and providing an incremental punishment for that offense. We find no merit in the appellant's argument that Section 3C1.1 is an impermissible attempt by the Sentencing Commission to legislate a crime not previously deemed punishable in Congress.
 
 
 9
 First, we find that Section 3C1.1 does not represent the creation of a separate and distinct criminal offense--it is merely a sentencing provision that charges the accused with responsibility for his own actions. Furthermore, the appellant's contention that this is an impermissible act of legislation by the Sentencing Commission is flawed. The United States Sentencing Commission is a body created under the Sentencing Reform Act of 1984 (Act), as amended, 18 U.S.C. Secs. 3551, et seq., and 28 U.S.C. Secs. 991-998. The Act delegates to the Sentencing Commission the authority to review and reform the federal sentencing process. However, such reform is subject to the review of Congress and may be amended or rejected upon a vote. See 18 U.S.C. Sec. 3551 and 28 U.S.C. Sec. 994(p). Accordingly, the Guidelines are, in their entirety, promulgated pursuant to an act of Congress and not an unauthorized act of the Sentencing Commission as the appellant contends. We therefore find no merit to the instant attack upon the constitutionality of Section 3C1.1.
 
 
 10
 Further, we are satisfied that the district court properly applied Section 3C1.1 in this case. Clearly, by fleeing the jurisdiction of the district court and assuming a new identity in another state, the appellant willfully impeded the administration of justice, and this was the finding of the district court. Upon such a finding, the Guidelines mandate an upward adjustment. See United States v. Roberson, 872 F.2d 597, 609 (5th Cir.1989).
 
 III.
 
 11
 Finally, appellant contends that the court abused its discretion when it failed to order a presentence psychiatric evaluation of the appellant pursuant to the provision of 18 U.S.C. Sec. 3552, which provides in relevant part:
 
 
 12
 If the court, before or after its receipt of a [presentence] report ... desires more information than is available to it as a basis for determining the sentence to be imposed on a defendant found guilty of a misdemeanor or felony, it may order a study of the defendant.
 
 
 13
 (Emphasis added.) The statute leaves such a determination to the sound discretion of the court. Here, there was ample information before the judge concerning the character of the appellant. From such information, the only suggestion that the appellant suffered from an unidentified psychiatric affliction came from the appellant himself. He asserted that his flight to Pennsylvania was the result of a momentary lapse of mental competency. The facts belie such an assertion. While in flight, the appellant took swift and complete action to attempt to conceal his identity. By procuring the necessary documentation to assume a new identity, the appellant demonstrated that he was in full control of his mental faculties and could employ them in a logical manner to achieve that which he desired--anonymity. The record shows that there was ample information before the district court to determine the appropriate sentence in this case. Accordingly, the exclusion of a psychiatric report was not an abuse of discretion.
 
 IV.
 
 14
 For the reasons set forth above, the judgment of the district court is hereby
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The charges read as follows:
 
 
 [1]
 Failure to provide Ms. Smith with copies of his personal and corporate 1987 income tax returns by 31 May 1988;
 
 
 [2]
 Failure to provide Ms. Smith with a copy of the Articles of Incorporation of American Roofing, a company founded by the appellant and a partner; copies of extensions filed with the I.R.S. for his personal income taxes; information on all debts including attorney's fees; actual accounting of how his hours were done; and a complete financial report;
 
 
 [3]
 Failure to provide Ms. Smith with the information mentioned in violation number two after being verbally instructed to do so;
 
 
 [4]
 Failure for the third time to provide the information mentioned in violation number two;
 
 
 [5]
 Speeding in Virginia and failing to report that conviction to his probation officer;
 
 
 [6]
 Failure to report his change of address to Ms. Smith and traveling outside the district without permission of his probation officer