921 F.2d 281
 Unpublished Disposition
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio David GUILLEN, Defendant-Appellant.
 No. 88-5425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1990.
Decided Dec. 5, 1990.
 
 Before SCHROEDER, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio David Guillen appeals from the district court's judgment and six month sentence imposed for violation of probation. This court has jurisdiction of his timely appeal. 28 U.S.C. Sec. 1291.
 
 
 3
 Mr. Guillen pleaded guilty to bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and was sentenced in December 1983 to five years in prison to be followed by five years probation. Mr. Guillen was found in violation of probation in September 1988 for felony assault, spousal battery, and sexual battery--charges brought in California state court, but eventually dropped. The district court sentenced him to six months in prison and reinstated his five year probation on the same conditions as before. Mr. Guillen appeals the judgment and sentence.
 
 
 4
 I. MR. GUILLEN'S APPEAL IS NOT MOOT.
 
 
 5
 The government argues that Mr. Guillen's appeal is moot because he has completed his six month sentence and, following another period of custody for a subsequent parole violation, has been unconditionally released. The government cites a Supreme Court case, Lane v. Williams, 455 U.S. 624 (1982), and several circuit cases, including three from the Ninth Circuit, to support its argument. However, the holdings of these cases are too narrow to include this case.
 
 
 6
 In Lane v. Williams, appellants, parole violators, challenged mandatory parole requirements on due process grounds, claiming that the requirements were not explained to them before they pleaded guilty. The Supreme Court held that their appeal was moot because their parole period had ended while the appeal was pending. The Court expressly pointed out that appellants did not challenge the judgment of parole violation, only the initial imposition of parole terms. The possible adverse consequences of a parole violation on their records--diminished employment prospects or an enhanced sentence in any future criminal proceedings--would not be affected by an order voiding their parole terms. Because the conduct that led to the finding of a parole violation was not challenged, the finding would remain in their records. Id. at 632-33. Likewise, a judgment of parole violation, although present, was not at issue in any of the Ninth Circuit cases cited by the government in which an appeal was held to be moot. Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988) (challenge to Parole Commission's evaluation of offense severity and consequent length of parole); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987) (defendant argued that statute allowing for longer imprisonment for misconduct while in prison was an ex post facto law); Brady v. U.S. Parole Commission, 600 F.2d 234, 236 (9th Cir.1979) (challenge to Parole Commission's evaluation of offense severity and consequent length of parole).
 
 
 7
 In contrast, Mr. Guillen does challenge the parole violation judgment. If he succeeds, the violation will be expunged from his record to prevent any collateral consequences of the judgment. Therefore, his appeal is not moot.
 
 
 8
 II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING A PAROLE VIOLATION.
 
 
 9
 The district court has broad discretion in determining parole violations. This court reviews such determinations for an abuse of discretion. United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984).
 
 
 10
 At the probation violation hearing, Los Angeles County Deputy Sheriff Patricia Rodriguez testified that Mrs. Guillen told her on the day of Mr. Guillen's arrest for the assault and battery at issue here that Mr. Guillen had kidnapped her, beaten her, and raped her twice. Photographs depicting Mrs. Guillen's broken finger, injured knee, and heavily bruised face were displayed at the hearing. A medical report and a police report from the day of the arrest were also entered into evidence. Probation Officer Sam Torres testified that Mrs. Guillen repeated the same charges of spousal abuse to him the day after the alleged assault.
 
 
 11
 The defendant did not call any witnesses at the hearing, but submitted two exhibits. One was an affidavit by Mrs. Guillen requesting that criminal charges against her husband be dropped. The other was a letter written by Mrs. Guillen stating that Mr. Guillen ".... has never laid a hand on me, or hit me, or abused me in any manner...." Deputy Rodriguez testified that Mrs. Guillen told her some time after the incident that she and her husband were back together and she wanted to forget what happened.
 
 
 12
 The appellant argues that Mrs. Guillen's withdrawal of her original story left no credible evidence that he was responsible for her injuries. However, a probation revocation hearing is not a criminal trial and the government's burden of proof is less than in a trial. The district court can revoke probation when "reasonably satisfied that a state or federal law has been violated...." Guadarrama, 742 F.2d at 489. Hearsay evidence is admissible in a parole violation hearing. United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987).
 
 
 13
 The district court did not abuse its discretion in relying on Deputy Rodriguez's and the probation officer's testimony regarding Mrs. Guillen's story and in discounting her subsequent letter denying the story. We affirm the parole violation judgment and sentence.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3