935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Reginald BROWN, Defendant/Appellant.
 No. 90-3275.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 20, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On September 1, 1987, Reginald Brown pled guilty to one count of unlawful possession of phencyclidine and one count of unlawful possession with intent to distribute marijuana. His one year sentence on the first count was suspended, and he was placed on three years probation. On the second count he was placed on three years probation to run concurrently with count one. On December 11, 1989, he appeared in court and admitted violating the terms of his probation. The matter was taken under advisement. In May 1990, his probation officer requested a warrant for Brown's arrest for the probation violation. Brown was taken into custody on September 21, 1990 and appeared at his probation revocation hearing on September 28, 1990. Brown was found to have violated certain conditions of his probation. On Count One, the district court sentenced him to six months in a farm camp facility and six months in a work release program, with credit to be given for time served on the probation revocation warrant. On Count Two, he was placed on supervised probation for three years, to run concurrently with count one.
 
 
 2
 Counsel raises and addresses four potential arguments that Brown might advance on his own behalf. Counsel notes that we will not overturn a revocation of probation unless the district court has abused its discretion. United States v. Verbeke, 853 F.2d 537, 539 (7th Cir.1988). "[A] district court may revoke probation if 'reasonably satisfied' that the probationer has violated a condition of his probation." United States v. Crawley, 837 F.2d 291, 292 (7th Cir.1988) (clarifying the standard of proof in revocation cases). Here, the evidence clearly indicated that Brown had violated several of the conditions of his probation. He had four misdemeanor convictions, and a urinalysis that he had taken tested positive for cocaine. Moreover, the violations were sufficiently serious in light of the underlying conviction to warrant revocation. Brown admitted the violations at the probation revocation hearing. The evidence supports the probation revocation, and therefore the district court did not abuse its discretion.
 
 
 3
 Brown may also argue that he was denied due process because the district court did not give written reasons for revoking probation. Cf. Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (due process requires "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole"). However, the probation revocation hearing transcript indicates that the district court did announce its findings in court, giving its reasons for the revocation. The transcript of that proceeding provides this court with an adequate opportunity to determine the basis of the judge's decision. This court has held that, although it is preferable for a court to prepare written findings, a transcript is adequate to satisfy due process. United States v. Yancey, 827 F.2d 83, 89 (7th Cir.1987).
 
 
 4
 Although the petition for the revocation of Brown's probation and for a warrant for his arrest were filed on May 29, 1990, his hearing was held on September 28, 1990--after the expiration of his three-year probationary term. However, for the purposes of probation revocation, the important date is when the violations of the probation conditions occurred, not the date of the hearing. Gammarano v. United States, 732 F.2d 273, 277 (2d Cir.1984). A warrant may be issued for the arrest of a probationer for a violation that occurred during the probationary period up to five years after the commencement of the probationary period. 18 U.S.C. Sec. 3653. See also United States v. Sanchez, 907 F.2d 127, 128 (10th Cir.1990) (warrant issued two days after expiration of four-year, eight-month probationary period for violations that occurred during the probationary period was within the statutory maximum probation period of five years). The evidence and Brown's own admissions indicate that the violations of the probation conditions occurred during the probationary period.
 
 
 5
 Finally, Brown may argue that he was entitled to receive credit for the time he had already spent on probation. Brown did receive credit for the time he spent in custody on the probation revocation warrant. However, he was not entitled to credit for the time spent on probation. Verbeke, 853 F.2d at 540. When revoking probation, a district court may "require [the probationer] to serve the sentence imposed, or ... may impose any sentence which might originally have been imposed." 18 U.S.C. Sec. 3653. The district court based its sentencing for the probation revocation on the penalty that Brown received for the underlying offenses.
 
 
 6
 There are no nonfrivolous grounds for an appeal in this case. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 *
 Pursuant to Circuit Rule 51(a), Defendant-Appellant's attorney filed a "Motion for Leave to Withdraw" and a "Brief in Support of Motion" on January 11, 1991. We notified the Defendant-Appellant of his attorney's filing and informed him that he could file a response raising any grounds that showed why his probation revocation should be set aside. No such statement was filed; the motion is therefore taken on the brief of the attorney and the record