105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto Eduardo VERDUGO, Defendant-Appellant.
 No. 96-50232.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided Dec. 18, 1996.
 
 1
 Before: FARRIS, BEEZER and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Humberto Eduardo Verdugo appeals the district court's affirmance of the magistrate judge's probation revocation order. Verdugo contends that the magistrate judge erred by denying Verdugo's right to confront and cross-examine a critical adverse witness. Verdugo also argues that there was insufficient evidence to support a finding that Verdugo trafficked in drugs. The district court had jurisdiction to hear the appeal from the magistrate judge pursuant to Fed.R.CrimP. 58(g). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 4
 * While completing a one-year unsupervised probation for possession of a controlled substance, Verdugo was arrested and indicted for possession and importation of marijuana with intent to distribute. At the time of arrest, Verdugo confessed that he was to be paid $1,000 for driving the marijuana into the United States. The United States Probation Department then filed an Order to Show Cause for revocation of probation which charged Verdugo with violating probation by importing marijuana.
 
 
 5
 During the probation revocation hearing, the magistrate judge allowed probation officer Julia Jauregui to testify for the government. Jauregui had no independent knowledge of Verdugo's arrest for the importation of marijuana or his subsequent confession. Jauregui based her testimony on an arrest report prepared by case agent Mildred Jones and Jauregui's conversation with Jones about that arrest report.
 
 
 6
 The magistrate judge found that Verdugo had violated the terms of his probation. The magistrate judge revoked Verdugo's probation and sentenced him to eight months incarceration, one year supervised release and 240 hours of community service. The district court affirmed the order of the magistrate judge. The district court indicated that the rulings of the magistrate judge were correct and contained no errors of law or misunderstandings of facts.
 
 II
 
 7
 The district court acted within its discretion in affirming the magistrate's order revoking Verdugo's probation. A district court has broad authority to revoke probation. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). We review the decision to revoke probation for abuse of discretion. Id.
 
 
 8
 * The magistrate judge did not violate Verdugo's right to confront and cross-examine adverse witnesses. Verdugo claims that the magistrate judge should not have admitted Jauregui's testimony because it contained multiple-level hearsay and therefore denied Verdugo the opportunity to confront an adverse witness.
 
 
 9
 A probation revocation hearing is not a full-blown trial: "the full panoply of rights due a defendant in [a criminal prosecution] does not apply to [probation] revocations." Morrissey v. Brewer, 408 U.S. 471, 480 (1972) (discussing parole revocation); see Gagnon v. Scarpelli, 411 U.S. 778 (1973) (holding that Morrissey applies to probation revocation). Revocation hearings, however, must satisfy certain basic due process requirements. United States v. Martin, 984 F.2d 308, 310 (9th Cir.1993) (discussing supervised release revocation).
 
 
 10
 A court may admit hearsay evidence at a revocation hearing because a probationer's "right to confrontation is not equivalent to that of a criminal defendant at trial." Id. Courts should determine whether admission of hearsay evidence violates the probationer's diminished confrontation right by balancing the probationer's right to confrontation against the government's good cause for denying it. United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987).
 
 
 11
 Considering Verdugo's challenge to the hearsay testimony of Jauregui, the magistrate judge properly balanced Verdugo's right to confrontation against the government's good cause for denying it. Although Verdugo argues that good cause only arises from the difficulty and expense of procuring witnesses, the reliability of evidence also provides a basis for admission. Id. The magistrate judge expressly stated that he found reliable the information upon which Jauregui based her testimony: the arrest report and her conversation with Agent Jones.
 
 
 12
 Verdugo argues that the magistrate judge should not have relied upon the testimony of Jauregui because the witness had no personal knowledge of Verdugo's arrest. Verdugo inaccurately relies on United States v. Martin for the proposition that hearsay testimony is improper when the witness has no personal knowledge of the underlying evidence. 984 F.2d at 312. In Martin, we held that the district court erred by permitting the testimony of a witness whose sole knowledge of the offense related to the collection and shipping of a urine sample that tested positive for cocaine without allowing the defendant an opportunity to retest the urine sample.
 
 
 13
 As the magistrate judge noted, Jauregui's testimony does not present the same problems as the testimony in Martin. Unlike the Martin defendant's inability to challenge the evidence underlying the hearsay testimony, Verdugo was free to challenge the arrest and confession which formed the basis for Jauregui's testimony. The magistrate judge did not abuse its discretion in relying on Jauregui's testimony.
 
 B
 
 14
 To revoke probation, the magistrate judge must be reasonably satisfied the probationer's conduct violated the conditions of probation. See United States v. Guadarrama, 742 F.2d 487, 489 (1984).
 
 
 15
 The magistrate judge reasonably found that Verdugo violated the terms of his probation. These terms prohibited Verdugo from (a) committing any federal, state or local crimes and (b) possessing any controlled substance without a lawful prescription. Jauregui testified that Verdugo was arrested for, and had confessed to, importing over 50 pounds of marijuana into the United States.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3