104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor BAGHA, Defendant-Appellant.
 No. 96-50071.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Bagha appeals the the district court's revocation of his probation and the imposition of a four-year sentence. Pursuant to Anders v. California, 386 U.S. 738 (1967), Bagha's counsel filed a brief stating that he finds no meritorious issues for review, and a motion to withdraw as counsel of record. Bagha filed a pro se brief in which he contends that: 1) he was denied exculpatory material in violation of Brady v. Maryland, 373 U.S. 83, 59 (1963); 2) the probation officer was biased, lied at the probation revocation hearing, and abused her discretion; 3) the district court abused its discretion by sentencing Bagha to a four-year sentence based on technical violations of probation; and 4) the district court erred in failing to indicate whether the revoked term is concurrent or consecutive to the eighteen-year sentence Bagha received in 1986. We have jurisdiction under 28 U.S.C. § 1291. We review the decision to revoke probation for an abuse of discretion, United States v. Shampang, 987 F.2d 1439, 1441 (9th Cir.1993), and affirm.
 
 
 3
 Bagha contends that the government withheld: 1) a letter or "order" from his first probation officer that authorized Bagha to submit IRS Schedule C forms to the probation officer listing only income and expenses, and 2) information detailing Bagha's assistance to the government concerning a prisoner's plot to sell uranium to terrorists. The government has a duty to disclose information favorable to the defendant where the information is material to guilt or punishment. United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989). However, "[u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) (footnote omitted).
 
 
 4
 At the revocation hearing, Bagha, through counsel, stated that his discovery request had been granted. Thus, the government's statement that all discovery was disclosed is final. See id. Moreover, Bagha points to no evidence in the record that the government possessed the discovery he now contends was withheld. Thus, Bagha fails to show that the government withheld material evidence from him. See Kennedy, 890 F.2d at 1058.
 
 
 5
 Bagha claims that Probation Officer Smith lied about or failed to present evidence to the court, such as the letter authorizing the Schedule C form submissions, a letter demonstrating Bagha's help to neighbors during the 1992 Los Angeles riots, and information regarding the uranium plot. The record does not show that these letters or information existed, or that Officer Smith lied when she said she had no knowledge of these documents. Bagha's claim finds no support in the record. Thus, Officer Smith's testimony, along with the documentary evidence, was "such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1983).
 
 
 6
 Bagha also appears to contend that Officer Smith and the district court abused their discretion by revoking Bagha's probation because he was told that the submission of Schedule C forms was sufficient to disclose any financial transactions. See United States v. Hamilton, 708 F.2d 1412, 1415 (9th Cir.1983) (revocation of probation under circumstances inherently misleading to the probationer is abuse of discretion).
 
 
 7
 Although Bagha was permitted to submit Schedule C forms to the probation officer monthly, the original probation order required that Bagha disclose all financial transactions to the probation officer. The record does not show that this condition was changed. The evidence at the revocation hearing and Bagha's admissions established that Bagha did not disclose all financial transactions on the Schedule C forms. Because Bagha has failed to show that permission to submit the Schedule C forms misled him into thinking that he was not required to disclose all financial transactions, the district court did not abuse its discretion. See id.
 
 
 8
 Bagha contends that the four-year sentence is disproportionate to his technical violations of probation. Reinstatement of the original sentence following revocation of probation is not punishment for the probation violations, but for the counts of conviction in which the district court suspended imprisonment and imposed probation. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam). Bagha could have receive a maximum term of forty years' imprisonment on the suspended counts. Bagha does not argue that the four-year term is disproportionate to the suspended counts of conviction; moreover, it is not. See Solem v. Helm, 463 U.S. 277, 284 (1983).
 
 
 9
 Although the claim is not clear, Bagha seems to argue that the sentence on the revoked term of probation must be concurrent to the term of parole he is now serving. The government concedes that the district court imposed the sentence for the probation revocation concurrently with any other sentence that was imposed.
 
 
 10
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. The motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3