110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theresa Nangle OBERMEYER, Defendant-Appellant.
 No. 96-30185.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided March 27, 1997.
 
 Before: WALLACE, BOOCHEVER, and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Obermeyer appeals from the district court's revocation of her probation. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Obermeyer asserts that there was insufficient evidence for the district court to find that she violated the terms of her probation. "The standard of proof required is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984). Under this standard, Obermeyer's argument fails. Officer Klopp testified that Obermeyer was yelling so loud that he "didn't think she could get any louder," but she did. Trefon Angasan testified that he saw Obermeyer shouting at two security officers, and that he worried her "agitation" would escalate into "a bad situation." Kathy Peterson overheard Obermeyer "talking very loudly" and said that she was "very agitated." The testimony of these witnesses could reasonably satisfy the district court that Obermeyer's screaming and yelling in the federal building constituted "conduct on [federal] property which create[d] loud or unusual noise or a nuisance." 41 C.F.R. § 101-20.305.
 
 
 3
 Next, Obermeyer contends that section 101-20.305 is overbroad in violation of the First Amendment. However, United States v. Brice, 926 F.2d 925, 931 (9th Cir.1991), held that section 101-20.305 is not "unconstitutionally vague or overbroad."
 
 
 4
 Finally, Obermeyer argues that the district court violated her due process rights by having a "predisposition" to impose a particular sentence after revocation. However, the Supreme Court directly overruled the case upon which she relies: Romano v. Black, 735 F.2d 319 (8th Cir.1984). In Black v. Romano, 471 U.S. 606, 613 (1985), the Court stated: "We believe that a general requirement that the factfinder elaborate upon the reasons for a course not taken would unduly burden the revocation proceeding without significantly advancing the interests of the probationer." Furthermore, the record reveals that Judge Enright listened to the government's recommendation of psychiatric counseling, but Obermeyer refused to participate. Having no alternative due to Obermeyer's refusal, the district court, "with great reluctance," revoked Obermeyer's probation. There was no error.
 
 
 5
 AFFIRMED.
 
 
 6
 BOOCHEVER, Circuit Judge, concurring.
 
 
 7
 In revoking Dr. Obermeyer's probation, the district court found that she committed two acts of disorderly conduct in violation of 41 C.F.R. § 101-20.305. She "created a loud noise and obstructed the elevator." District Court Memorandum 4 (emphasis in original). I agree that the district court did not clearly err by finding "conduct on [federal] property which create[d] loud or unusual noise or a nuisance." 41 C.F.R. § 101-20.305. I do not believe, however, that there was sufficient evidence to find a violation of the regulation by conduct "which unreasonably obstructs the usual use of ... the elevator[ ]." Id.
 
 
 8
 As the government recognizes, one of the elements of the offense is that the defendant "acted knowingly and willfully." Government's Brief 18; United States v. Brice, 926 F.2d 925, 928 (9th Cir.1991). I agree that the testimony was sufficient to justify the district court's finding that Obermeyer knowingly and willfully created loud or unusual noise in the federal building so as to constitute a nuisance.
 
 
 9
 There is no indication, however, that she acted knowingly and willfully to obstruct the elevator unreasonably. She was being led toward the elevator by the security officer while she continued her loud objections to being stopped. This case is in sharp contrast to that of United States v. Sachs, 679 F.2d 1015 (1st Cir.1982). Sachs sat down in an elevator while being escorted by an officer after earlier sitting on the floor of a federal building in protest of the draft. When told by the officer that he could not "sit in the elevator blocking it," Sachs resisted attempts to remove him from the elevator. Id. at 1017. After failing to comply with a final warning that he would be arrested if he did not get up and leave, Sachs was arrested. It was abundantly clear that Sachs knowingly and willfully sat in the elevator for the purpose of obstructing its use.
 
 
 10
 In contrast, there is no evidence that Obermeyer acted knowingly and willfully in obstructing the elevator.
 
 
 11
 Obermeyer has served her 30-day sentence resulting from the revocation of her probation. While conceivably the district judge might have imposed a different length of sentence without the holding that Obermeyer obstructed the elevator, it is abundantly clear from his Memorandum that he revoked Obermeyer's probation and sentenced her to imprisonment for her course of conduct in creating the loud disturbance on federal property. The sentence has been served and I can conceive of no collateral consequences resulting from the additional finding of obstructing the elevator. See Lane v. Williams, 455 U.S. 624, 632 (1982); Robbins v. Christianson, 904 F.2d 492, 494, 495 (9th Cir.1990).
 
 
 12
 I conclude that any issue concerning the obstruction of the elevator is moot. Accordingly I concur in the memorandum disposition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4