UNITED STATES of America, Plaintiff–Appellee,

v.

Hector VERDUZCO, aka Andres Juan Gutierrez, Jr., aka John Doe, Defendant–Appellant.

No. 02–50353.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Filed May 30, 2003.

---

* The panel unanimously finds this case appropriate for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

Dennis J. Landin, Chief Deputy Federal Public Defender, Los Angeles, CA, for the defendant-appellant.

Mark C. Krause, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

TASHIMA, Circuit Judge.

Appellant Hector Verduzco appeals from a judgment of the district court, sentencing him to 15 months' imprisonment for violating his supervised release. The question we must decide is whether the district court can consider a state conviction resulting from a nolo contendere plea as probative of a charge that a supervised releasee violated the terms of his release that he not commit "another ... crime." We have answered the question in the affirmative in the context of a probation revocation hearing, *United States v. Gua-*

*darrama,* 742 F.2d 487 (9th Cir.1984), and now extend that holding to supervised release. We therefore affirm the judgment and sentence of the district court. Our jurisdiction is pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

### BACKGROUND

In 1994, Verduzco pled guilty to one count of making a false statement on a passport application, in violation of 18 U.S.C. § 1542, and was sentenced to a three-month prison term and a three-year term of supervised release. One of the conditions of his supervised release was that Verduzco not commit "another Federal, state or local crime." In 1997, the probation officer charged that Verduzco had violated the terms of his release by, *inter alia,* failing to report that he had been arrested for theft and for possession of stolen property. In an amended petition, the probation office added additional charges, including the one at issue here— that Verduzco had been convicted of one count of manufacturing controlled substances, in violation of California Health & Safety Code § 11379.6. The basis of the charge was Verduzco's entry of a no contest plea in California state court to a charge of manufacturing methamphetamines.

At the supervised release revocation hearing, the government offered into evidence a certified copy of the judgment of conviction and argued that, pursuant to California Penal Code § 1016, a nolo contendere plea had the same effect as a guilty plea. Verduzco contended that the evidence of conviction based on a nolo contendere plea was insufficient to prove that he had committed the criminal conduct charged in the state court proceeding. That conduct would place him in the 15–21 month sentencing range under the Sentencing Guidelines, as recommended by the probation officer. The district court found that Verduzco had violated the con-

dition of his supervised release that he not commit any further crimes and sentenced him to 15 months' imprisonment.

### STANDARD OF REVIEW

■ The district court's decision to revoke a term of supervised release is reviewed for an abuse of discretion. *United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.), *amended by* 216 F.3d 1201 (9th Cir.2000). " 'A due process violation at a revocation proceeding is subject to harmless error analysis.' " *Id.* (quoting *United States v. Havier,* 155 F.3d 1090, 1092 (9th Cir.1998)).

### DISCUSSION

18 U.S.C. § 3583(e) provides that the district court can, after considering the factors set forth in 18 U.S.C. § 3553, revoke a term of supervised release and require the defendant to serve part of his supervised release term in prison "if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). A federal, state, or local controlled substance offense that is punishable by a term of imprisonment exceeding one year, such as the violation of California Health & Safety Code § 11379.6 to which Appellant entered the no contest plea, is a Grade A violation of supervised release. USSG § 7B1.1(a)(1). For a defendant with a criminal history category of II, a Grade A violation results in a 15–21 month sentencing guideline range. USSG § 7B1.4(a).

Verduzco argues that the district court's exclusive reliance on his nolo contendere plea to find that he violated his supervised release denied him his rights to due process. He argues that a nolo contendere

plea is not an admission of guilt and is not admissible as evidence and therefore is not sufficient to support the revocation of supervised release. He relies on Federal Rule of Criminal Procedure 11(f), which provides that evidence of a nolo contendere plea is inadmissible against the defendant who made the plea in any civil or criminal proceeding. Verduzco also cites Federal Rule of Evidence 410, which makes a plea of nolo contendere inadmissible against the defendant in any civil or criminal proceeding.

■ Verduzco's argument is foreclosed for several reasons. First, the Federal Rules of Evidence do not apply to supervised release revocation hearings. *United States v. Walker*, 117 F.3d 417, 421 (9th Cir.1997). More importantly, in *Guadarrama*, we held that the district court did not err in relying on a conviction entered upon a plea of nolo contendere to revoke the defendant's probation and impose a 30–day sentence. *Guadarrama*, 742 F.2d at 488–89.

■ A nolo contendere plea "removes every issue of fact from the case and authorizes the entry of a conviction." *Id.* at 488. *Guadarrama* relied on California Penal Code § 1016, which provided then, as it does now:

> The legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.

Cal.Penal Code § 1016. Because "a federal probation revocation hearing is clearly not a civil suit growing out of the act

charged," a conviction resulting from a nolo contendere plea is no different "from any other conviction for purposes of a federal probation revocation hearing." *Guadarrama*, 742 F.2d at 489. Rule 11's prohibition against admitting a nolo contendere plea is inapplicable because Rule 11 only "governs *nolo* pleas entered in federal criminal proceedings." *Id.* at 489 n. 1. Therefore, "it violates neither due process nor the right of cross-examination of Fed.R.Crim.P. 32.1(a)(2) to consider [a conviction resulting from a nolo contendere plea] probative of the charge in the special circumstances of a probation revocation hearing." *Id.* at 489.

■ As in the case at bench, the only evidence in *Guadarrama* of the defendant's violation of the terms of his probation was his conviction entered pursuant to a plea of nolo contendere. Unlike *Guadarrama*, in which the conviction was for non-felony driving under the influence, the conviction in the instant case is for a felony, making this case even more straightforward than *Guadarrama*. California Penal Code § 1016 specifically provides that "[t]he legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." The fact that *Guadarrama* involved a probation revocation hearing, rather than a supervised release revocation hearing, is of no import. The difference between probation revocation proceedings and supervised release revocation proceedings, "for the purposes of applying evidentiary rules, is inconsequential." *Walker*, 117 F.3d at 420.

■ Verduzco's reliance on *United States v. Comito*, 177 F.3d 1166 (9th Cir. 1999), is unavailing. In *Comito*, the government's only evidence of the supervised release violation was hearsay testimony. Here, the government presented not hearsay testimony, but a certified copy of the

judgment of conviction as evidence of the supervised release violation. *See United States v. Garcia*, 771 F.2d 1369, 1371 (9th Cir.1985) ("A certified copy of a probationer's conviction in itself constitutes sufficient proof that a probationer has committed a crime in violation of the terms of his probation."). Verduzco did not object to the admission of the evidence of his plea and conviction nor contest its accuracy; he argued only that the nolo contendere plea was insufficient to establish that he actually committed a crime. In these circumstances, the district court did not deny Verduzco his due process rights in not conducting an evidentiary hearing.

Accordingly, the judgment revoking supervised release and the sentence are

**AFFIRMED.**