**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John D. FUNCHES, Defendant— Appellant.**

No. 05–30025.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2006.*

Decided Feb. 15, 2006.

Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Michael Martin, Esq., Seattle, WA, for Defendant–Appellant.

Before: D.W. NELSON, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

John D. Funches, Jr. appeals the decision by the district court that Funches committed three violations of the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Funches argues that his arrest warrant was invalid as it was supported by neither probable cause nor a sworn oath or affirmation. However, these arguments are controlled by *United States v. Ortuño–Higareda*, 421 F.3d 917, 922 (9th Cir.2005). Because Funches was arrested in 2004, before his supervised release period expired, "the district court [had] jurisdiction to revoke supervised release in the absence of a warrant or even if a warrant [were] defective." *Id.* at 921.

■ Funches also claims that there was insufficient evidence to convict him of constructive possession of a firearm and of associating with a convicted felon, both in violation of the terms of his supervised release. Even though Funches was not in actual possession of the firearm, there was " 'a sufficient connection between [Funches] and the contraband to support the inference that' " Funches was in constructive possession of that item. *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (quoting *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir.1986)).

The firearm was found in a closet of the apartment where Funches was residing, in a bag of materials which included several of Funches's personal possessions. The bag in which the firearm was found was itself next to another bag including Funches's personal possessions.

The evidence also supports the determination that Funches had been associating with Steven Wesley, a convicted felon, in violation of the terms of Funches's supervised release. Several items belonging to Wesley—some with dates indicating these items had just arrived at Funches's apartment recently—were found in Funches's apartment. Wesley had also been paying for some of the charges of maintaining Funches's apartment, including the telephone bill. Therefore, the district court did not abuse its discretion in finding violations of the terms of Funches's supervised release. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir.2003).

■ Finally, Funches argues that the district court improperly considered hearsay evidence. In the context of a supervised release revocation proceeding, we construe this to be a claim of a due process violation. *See United States v. Comito*, 177 F.3d 1166 (9th Cir.1999). Because the district court's decision in this case relied substantially on a number of facts proven by non-hearsay evidence, all indicating that Funches had constructive possession of a firearm and was associating with a convicted felon, there was no prejudicial denial of Funches's due process right of confrontation. *See United States v. Martin*, 984 F.2d 308, 311 (9th Cir.1993) (noting that "[t]he more significant particular evidence is to a finding, the more important it is that the releasee be given an opportunity" to exercise a right to confrontation).

**AFFIRMED.**