**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Norman Hugh SMITH, Defendant—**
**Appellant.**

**No. 05–30551.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2006.*

Filed Aug. 17, 2006.

Helen J. Brunner, Esq., Mark Barlett, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Terrence Kellogg, Esq., Law Office of Terrence Kellogg, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Norman Hugh Smith appeals from the revocation of his supervised release based on the district court's finding of five violations of the terms of his supervised release. The magistrate judge held an evidentiary hearing and found sufficient evidence to support five of the six proffered charges. The district judge then effectively conducted a *de novo* review of the record and ultimately accepted the recommendations of the magistrate, finding that the evidence showed that it was more likely than not that Smith was guilty of committing five violations of the terms of his supervised release. Smith appeals his conviction, claiming (1) general due process violations and (2) insufficient evidence to show that it was more likely than not that he had committed such violations. We affirm.

We review a district court's decision to revoke a term of supervised release for abuse of discretion. *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir.2003). To revoke a defendant's supervised release, 18 U.S.C. § 3583(e)(3) dictates that the district court must find, by a preponderance of the evidence, that Smith violated a condition of supervised release. The district court's factual findings at the evidentiary hearing and the sentencing phase are reviewed for clear error. *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir.1996).

A review of the record reveals more than sufficient evidence to support the district court's decision.[1] In support of counts one and two (failure to list the Viking Bank account and credit card payments) the record shows that Smith was a signatory on the account, wrote checks from the account, used the account to pay off his credit charges, often used the credit cards in conjunction with Offshore Adventures, and represented himself as president of Offshore Adventures and the owner of the F/V Alliance in a sworn affidavit to the Coast Guard.

In support of counts three and four (failure to report his mail box) the record indicates that Smith had a mail box, that he checked "no" on his report forms, and that the magistrate found his excuse disingenuous. Count five (maintaining a bank account in addition to his personal checking account) is supported by the fact that Smith retained signing authority on the Viking Bank account and continued writing checks on the account. We conclude that the record supports the district court's determination that Smith more likely than not violated the terms of his supervised release.

Finally, we reject Smith's general due process claim. He does not deny that he received procedural due process in the district court and we find that the government proved beyond a preponderance of the evidence that Smith violated the terms of his supervised release. 18 U.S.C. § 3583(e)(3).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the underlying facts, we do not state them here.