**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tyra GOODMAN, aka Tyra Johnson;
T. Eileen Johnson, Defendant—
Appellant.**

**No. 07–50286.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2008.

Filed Nov. 18, 2008.

Michael J. Raphael, Esquire, Assistant U.S. Attorney, Jeremy D. Matz, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Esquire, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The government argues that the appeal falls under F.R.Crim. P. 52(b), requiring review for

Before: B. FLETCHER, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Tyra Goodman appeals the district court's judgment revoking her supervised release and sentencing her to a term of twelve months in custody. Specifically, Goodman contests the district court's finding that she violated the terms of her release conditions as set forth in allegation one of her Probation Officer's Petition For a Bench Warrant. We review a district court's decision to revoke a term of supervised release for abuse of discretion.[1] *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir.2003). We find no abuse of discretion in the district court's determination that Goodman violated her release conditions as described in allegation one, and so we affirm.

Goodman's conditions of supervised release prohibit her from "engag[ing], as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer." Goodman's probation officer charged that Goodman violated this condition by signing a contract in which she agreed to take out a loan from another party for purposes of starting a new business. This business, called VAST Office Management, was to provide services to small businesses, including creating web sites, handling on-line banking and taxes, and acting as a personal valet. The district court found that Goodman's pro-

plain error, because Goodman failed to argue at trial that she did not violate her release conditions as stated in allegation one. We find that Goodman did argue this point at trial, although her rationale was different.

curement of this loan violated the prohibition on engaging in any business "involving the solicitation of funds."

The phrase "involving the solicitation of funds" is broad enough to encompass Goodman's conduct. Since she had to solicit funds to start her business, her business involved the solicitation of funds, regardless of the nature of the business. We find no abuse of discretion in the district court's adherence to this reasonable interpretation. Goodman solicited a loan from another party without her probation officer's approval; such conduct violated her conditions of supervised release.[2] Accordingly, we affirm the district court's revocation and sentence.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

[2] It appears that Goodman, herself, believed that her conduct was prohibited since she attempted to conceal it from the government by asking her investor to obtain the DBA in the investor's name, and then lied to her probation officer when he asked her if she had started any new businesses.

