**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernardo GOMEZ–INFANTE,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Bernardo Gomez–Infante,
Defendant–Appellant.**

**Nos. 08–10145, 08–10146.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 13, 2009.*

Decided Jan. 26, 2009.

Monte C. Clausen, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Saul M. Huerta, Jr., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: O'SCANNLAIN, BYBEE and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Gomez–Infante appeals from his jury-trial conviction and 33–month sentence for attempted reentry after deportation, in violation of 8 U.S.C. § 1326(a), and from the revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gomez–Infante provides no argument regarding his conviction and sentence for attempted reentry after deportation and, thus, has waived any challenge to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

them. *See United States v. Vought,* 69 F.3d 1498, 1501 (9th Cir.1995).

■ Gomez–Infante contends that the district court erred when it found that he violated the conditions of supervised release as alleged in the petition for revocation of supervised release because the petition alleged that he committed the offense of reentry after deportation rather than attempted reentry. We conclude that the petition provided Gomez–Infante with sufficient notice regarding the offense that served as the basis for revocation. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972); *see also United States v. Havier,* 155 F.3d 1090, 1092 (9th Cir.1998).

■ Because we conclude that the district court properly revoked GomezInfante's supervised release based upon his violation of the condition that he not commit another federal crime, we need not decide whether the district court erred in concluding that he violated the special condition of supervised release that he not reenter the United States illegally. *See United States v. Verduzco,* 330 F.3d 1182, 1184 (9th Cir.2003) (stating that the district court may revoke a term of supervised release if it finds that the defendant violated a condition of supervised release).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.