**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 09-30083 |
| | Nos. 09-30084 |
| Plaintiff - Appellee, | |
| | D.C. No. CR-08-102-GF-SEH |
| v. | D.C. No. CR-08-146-GF-SEH |
| SALVADOR ORDONEZ-MALDONADO, | |
| Defendant - Appellant. | MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 7, 2009 [**]
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

Appellant Salvador Ordonez-Maldonado appeals the district court's order

denying his motion to suppress, the sentence the district court imposed for

Ordonez-Maldonado's drug offense, and the sentence the district court imposed

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

after revoking Ordonez-Maldonado's term of supervised released. Because the district court did not clearly err in finding that police searched Ordonez-Maldonado's apartment *after* receiving a warrant – rather than before, as Ordonez-Maldonado claims – and because both sentences are reasonable, we affirm.

We review factual findings underlying a district court's decision to deny a motion to suppress for clear error. *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003). We review sentencing decisions for abuse of discretion and "may not reverse just because we think a different sentence is appropriate." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "[O]nly a procedurally erroneous or substantively unreasonable sentence will be set aside." *Id.* The sentence imposed after revocation of a term of supervised release is likewise reviewed for abuse of discretion. *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003).

The district court did not clearly err in finding that police searched Ordonez-Maldonado's apartment *after* they obtained a warrant authorizing them to do so. Evidence introduced below, including testimony from three independent witnesses and computerized police dispatch records, adequately supports the district court's factual findings adopting the government's timeline of events. Accordingly, we affirm the district court's denial of Ordonez-Maldonado's motion to suppress.

We also hold that the district court did not abuse its discretion in sentencing Ordonez-Maldonado. Ordonez-Maldonado does not dispute that the district court correctly calculated the guideline range for both sentences, and sentenced Ordonez-Maldonado within or below that range in both instances. The record also reflects that the district court permitted Ordonez-Maldonado to argue for an appropriate sentence, considered the factors set forth in 18 U.S.C. § 3553(a), and understood that the guideline range is not presumptively reasonable. The record further reflects that the court selected the sentences it imposed based on the particular facts of this case, including Ordonez-Maldonado's extensive criminal history, and provided a reasoned explanation for its decision. Nothing in the record suggests that Ordonez-Maldonado received an erroneous or unreasonable sentence. *Carty*, 520 F.3d at 991-92. Therefore, we affirm both sentences.

**AFFIRMED.**