**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50144 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-07050-IEG-1 |
| v. | |
| MAURICE EUNICE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted February 13, 2012
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.**

Defendant Maurice Eunice ("Eunice") appeals the judgment revoking his

supervised release.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Eunice, a longtime member of the Hells Angels, was sentenced to 2.5 years in prison and 3 years of supervised release for his conviction of violent crime in aid of racketeering. After he served time in prison, his conditions of supervised release required that he follow the instructions of his probation officer and not associate with convicted felons. Because of the nature of his conviction, Eunice's probation officer further directed that he not associate with any Hells Angels members or prospects. The probation officer repeatedly discussed these conditions with Eunice.

The district court found that Eunice violated his supervised release conditions by associating with two Hells Angels members and a prospect, one of whom was a convicted felon. The court revoked Eunice's supervised release and sentenced him to another three months in prison, with his remaining 12 months of supervised release to follow.

We review supervised release conditions, as well as the district court's decision to revoke supervised release, for abuse of discretion. *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010); *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). In a sufficiency of the evidence challenge to a revocation of supervised release, we view the evidence in the light most favorable to the government and determine whether any rational judge "could have found the

essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted).

Supervised release conditions prohibiting association with convicted felons or gang members are not impermissibly vague. *See id.* at 1128-29; *United States v. Vega*, 545 F.3d 743, 749-50 (9th Cir. 2008). To avoid the "potentially vague outer boundaries" of "association," we have cabined its dictionary definition to exclude "incidental contacts." *King*, 608 F.3d at 1128. Here, the district court found, based on persuasive evidence, that Eunice's contacts were not casual and accidental, but rather were purposeful. We agree. Viewing the evidence in the light most favorable to the government, a rational judge could conclude that Eunice violated his supervised release conditions and knew that the Hells Angels member with whom he spoke was a convicted felon.

**AFFIRMED**.