FILED

**NOT FOR PUBLICATION**

FEB 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50057 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03423-BTM-1 |
| v. | |
| LEONARD DION REUBEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted February 7, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

Leonard Dion Reuben appeals from the district court's revocation of his

term of supervised release and the imposition of a 12-month and one-day term of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imprisonment followed by an additional two years of supervised release. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

We review a district court's revocation of a term of supervised release for an abuse of discretion. *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). Whether a due process violation occurred at a revocation proceeding is a mixed question of fact and law that is reviewed *de novo* and is subject to harmless error analysis. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We review a sentence imposed upon revocation for reasonableness under an abuse of discretion standard. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court did not violate appellant's due process rights by relying on his California state court conviction as reliable evidence sufficient to establish that he committed a supervised release violation. *See Verduzco*, 330 F.3d at 1185–86. To the extent Reuben challenges the conviction itself, such a collateral attack through revocation proceedings is improper. *See Morrissey v. Brewer*, 408 U.S. 471, 490 (1972) ("Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime").

Furthermore, the district court did not abuse its discretion in imposing the below-guidelines revocation sentence. There is no indication that the court impermissibly considered the need to punish appellant for his state offense rather than to sanction him for his breach of trust, *see United States v. Simtob*, 485 F.3d 1058, 1062–63 (9th Cir. 2007), and the record suggests that the district court took into account the mitigating evidence and imposed a reasonable sentence in light of the totality of the circumstances, *see Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, we need not reach appellant's argument concerning the alternative or hypothetical sentence the district court indicated it would impose upon remand.

**AFFIRMED**.