**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10284 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00246-RLH-GWF-2 |
| v. | |
| WENDOLYN HOWARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted May 13, 2014
San Francisco, California

Before: RIPPLE,[**] SILVERMAN, and GOULD, Circuit Judges.

Wendolyn Howard appeals the revocation of his term of supervised release,

and the sentence imposed thereafter, on the ground that the district court violated

his due process right to confront witnesses against him.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

pursuant to 28 U.S.C. § 1291, and we vacate Howard's sentence and remand for re-sentencing.

We review a district court's decision to revoke a term of supervised release for an abuse of discretion. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact that we review de novo. *See United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998). "A due process violation at a revocation proceeding is subject to harmless error analysis." *Id.*

In supervised release revocation proceedings, a defendant "enjoys a due process right to confront witnesses against him." *United States v. Hall*, 419 F.3d 980, 986 (9th Cir. 2005). To determine "whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). "The weight to be given the right to confrontation in a particular case depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id.* at 1171. To determine whether the government has established good cause for denying the right, a court

must look to "'both the difficulty and expense of procuring witnesses and the traditional indicia of reliability borne by the evidence.'" *Hall*, 419 F.3d at 988 (quoting *United States v. Martin*, 984 F.2d 308, 312 (9th Cir. 1993)).

In revoking Howard's supervised release, the district court's critical factual determination was that Howard committed two felonious assaults. In making this determination, the court relied solely on witness transcripts from collateral cases before different judges. These transcripts thus constituted highly significant evidence, and "'[t]he more significant particular evidence is to a finding, the more important it is that the releasee be given an opportunity to demonstrate that the proffered evidence does not reflect "verified fact."'" *Comito*, 177 F.3d at 1171 (alteration in original) (quoting *Martin*, 984 F.2d at 311).

In order to deny Howard's significant interest in his confrontation right, the government thus had to put forth a sufficiently good cause. The only good cause put forth, which the district court accepted, was that "it was unnecessary to compel these witnesses to face intimidation or relive fear in order for [Howard] to have yet another opportunity of confrontation with his victims." The district court erred in accepting this as a sufficiently good cause. A defendant is entitled to his confrontation rights in each individual case, and where, as here, witnesses are readily available to testify, their preference to avoid having to testify again is

insufficient by itself to trump a defendant's confrontation right. *See Comito*, 177 F.3d at 1172 (holding that the government's argument that it "was unable to subpoena [a witness] and that she was unwilling to testify because she was afraid of" the defendant did not constitute good cause because the government "offered no evidence of any such fear" and the witness was readily available).

The district court's error in finding Howard to be in violation of his supervised release was harmless, however, because he was subsequently convicted of two misdemeanor offenses arising from the events at issue, which offenses were committed while Howard was on supervised release. These convictions, which Howard acknowledges may be judicially noticed, establish as a matter of law that he violated his supervised release on the dates alleged. Therefore, the finding that Howard violated his supervised release may stand, but re-sentencing is required so that the district court may consider the nature of the judicially-noticed violations, including that they were found to be misdemeanors.

**VACATED and REMANDED for re-sentencing.**