**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10203 |
| Plaintiff-Appellee, | D.C. No.<br>2:06-cr-00299-WBS-1 |
| v. | |
| TOBIAS CHRISTOPHER VIGIL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Before:  RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,[**] District
Judge.

Defendant-Appellant Tobias Vigil appeals the revocation of his supervised

release on the ground that he did not knowingly and intelligently waive his due

process right to a revocation hearing.  As Vigil's challenge is raised for the first

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

time on appeal, we review for plain error. *United States v. Olano*, 507 U.S. 725, 734 (1993); *see United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015).

Vigil was charged with two violations of the conditions of his supervised release. With counsel, he attended two status conferences in which his intent to admit to the second charge and the scheduling of an evidentiary hearing on the first charge were discussed. Shortly before the scheduled revocation hearing, a stipulation signed by the government and Vigil's counsel—but not Vigil—was filed, stating that Vigil admitted to the petition's second charge and stipulated the government could prove by a preponderance of the evidence the facts alleged in the petition. During the November 2, 2015, hearing, at which Vigil was present and represented by counsel, his counsel represented that she had discussed the stipulation with Vigil and that he was in agreement with the acceptance of the stipulation.

After accepting the stipulation and finding the stipulated facts sufficient to prove the violation alleged in the first charge, the court questioned Vigil as to the second charge. The court erroneously advised Vigil that he "could be put back in prison for another term of up to two years" if he admitted the second charge. The correct maximum sentence was five years, as Vigil had been advised in his initial plea agreement, his previous revocation proceedings, and the petition for this

revocation proceeding. The court noted that Vigil "would also have the right to a hearing with regard to charge number 2," and questioned Vigil to ensure he understood "that the facts [he'd] stipulated to can constitute a violation of both charge number 1 and charge number 2." Vigil confirmed that he understood the effect of the stipulation he had entered through counsel and admitted to the second charge. At no time during these or subsequent proceedings did Vigil object, move to withdraw the stipulation or plea, or suggest that any waiver of his due process rights was not made knowingly and intelligently.

Vigil now argues that the stipulation as to the first charge "was tantamount to a waiver of [his] right to a revocation hearing" which "was not knowing and intelligent." Vigil was entitled to "an opportunity to appear, present evidence, and question any adverse witness." Fed. R. Crim. P. 32.1(b)(2)(C). Because Vigil stipulated through his counsel to the government's ability to prove the facts alleged, he had the opportunity required by the rule. "[T]he district court did not deny [Vigil] his due process rights in not conducting an evidentiary hearing." *United States v. Verduzco*, 330 F.3d 1182, 1186 (9th Cir. 2003). "[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority," *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005) (collecting cases), and

3

we do not require Rule 32.1(b)(2) advisements at revocation hearings, *see United States v. Segal*, 549 F.2d 1293, 1300 (9th Cir. 1977). The district court did not plainly err.

As to Vigil's admission to the second charge, the district court's erroneous advisement of the maximum sentence during the November 2 hearing did not affect Vigil's substantial rights. Vigil had repeatedly been advised of the correct maximum penalty and indicated his intent to admit to the charge prior to the erroneous advisement. Moreover, as the district court advised Vigil and Vigil confirmed he understood, the stipulated facts were sufficient to find the violation alleged in the second charge.

Vigil also appeals his five-year sentence—the statutory maximum—as substantively unreasonable, arguing that the sentence denied Vigil access to a residential drug treatment program. We review the district court's sentencing decision for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court considered the record before it, including Vigil's arguments regarding his need for drug treatment, and the proper statutory factors. The sentence was not substantively unreasonable.

**AFFIRMED.**

**U.S. v. Vigil, Case No. 16-10203**
**Friedman, District Judge, concurring in part and dissenting in part:**

I agree with the majority that the sentence imposed by the district court was not substantively unreasonable. I respectfully dissent, however, from the majority's determination that Defendant-Appellant Tobias Vigil received all the due process to which he was entitled.

First, I think it important to recognize that Vigil is not asserting a forfeited error, but an invalid waiver — he argues that the waiver of his due process right to a revocation hearing was not knowingly and intelligently made. And "[w]aiver is different from forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993). If this case involved a forfeited error, I would agree that the plain error standard of review should apply. But under this court's precedents, whether there was a waiver that comported with the due process requirements incorporated into Rule 32.1 of the Federal Rules of Criminal Procedure is reviewed *de novo*. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008); *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998); *cf. United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997) (where district court made factual findings as to validity of waiver, voluntariness reviewed *de novo*, but findings of fact as to knowledge and intelligence reviewed for clear error). And where this court finds a violation of due

process in the revocation context, that violation is then subject to harmless error analysis. *See Perez*, 526 F.3d at 547; *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003); *Havier*, 155 F.3d at 1092. These standards of review apply even if a defendant did not object to the due process violation in the district court, as in this case. *See Havier*, 155 F.3d at 1092.

I acknowledge that waiver of a hearing or other rights under Rule 32.1 does not require the formalities of a Rule 11 plea proceeding. Nevertheless, the plain language of the Rule provides that a court must hold a hearing in order to revoke a term of probation or supervised release unless that hearing is "waived by the person." *See* FED. R. CRIM. P. 32.1(b)(2). And this court has made clear that a waiver of rights under Rule 32.1 must be knowing, intelligent, and voluntary: "Given the importance of these interests [in due process and the assistance of counsel] and the role Rule 32.1(b) plays in securing these interests in the probation modification context, the Rule 32.1(b) rights at issue require the application to a waiver of the knowing, intelligent, and voluntary standard." *See Stocks*, 104 F.3d at 311–12; *see also United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir. 1999) ("We join the Ninth and Second Circuits today and hold that a waiver of the right to a revocation hearing must be knowing and voluntary."). Considering the record in this case, I am not convinced that the waiver was sufficient to satisfy the due process requirements of Rule 32.1.

In assessing the validity of a waiver, this court looks to the "totality of the circumstances," *see United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998), although a court must not impose overly strict formalities when reviewing those circumstances in the revocation context. The detail and care taken — or not taken — by the trial court in its colloquy at a revocation hearing is one important circumstance to be considered in determining whether a waiver of rights was knowing and intelligent. *See United States v. Correa-Torres*, 326 F.3d 18, 23–24 (1st Cir. 2003). Here, the district court did not engage Vigil in any colloquy or make any explicit findings regarding Vigil's knowledge or understanding before accepting his lawyer's stipulation to charge 1. And the record does not indicate that Vigil understood his rights under Rule 32.1 and knowingly and intelligently waived them before counsel signed and submitted the stipulation on his behalf. Nor did the court advise Vigil of any maximum statutory penalty with regard to charge 1. When the district court judge did briefly address Vigil personally, the judge affirmatively misadvised him as to the maximum sentence he faced with regard to charge 2. The judge asked Vigil whether he understood that he faced a statutory maximum of two years and Vigil responded, "Yes, I do." But the judge later imposed a five-year term of imprisonment.

Because the district court did not make any factual findings as to the validity of the waiver, and because Vigil has raised a colorable argument that his waiver

3

was not in fact knowingly and intelligently made, Vigil is entitled to a *de novo* review of the waiver of his due process right to a revocation hearing. If the waiver were found to be valid, that would end the inquiry. *See, e.g.*, *Olano*, 507 U.S. at 732–33. But in the absence of any affirmative evidence suggesting that Vigil knowingly and intelligently waived his due process rights — and coupled with the district court's mistaken representation to Vigil that he faced a maximum statutory penalty of only two years and Vigil's affirmative response that he understood the same — I cannot determine the waiver to have been valid. And I cannot find an invalid waiver of a constitutional due process right to be a harmless error.

4