**NOT FOR PUBLICATION**

## FILED

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-30140 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-00056-BLW |
| v. | |
| LAWRENCE SIKUTWA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Lawrence Sikutwa appeals from the district court's judgment and challenges the revocation of supervised release following a contested evidentiary hearing. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sikutwa contends that the government failed to prove by a preponderance of the evidence that his violation was willful and, therefore, the district court erred by revoking his supervised release. Contrary to Sikutwa's contention, *Bearden v. Georgia*, 461 U.S. 660 (1983), did not require the district court to find that Sikutwa's violation was willful. In that case, the Court addressed the circumstances under which the trial court may imprison a defendant for failure to pay. *See id.* at 672 (court may not impose sentence of imprisonment for failure to pay unless failure was willful or, in the case of bona fide efforts to pay, where the court determines that alternatives to imprisonment are insufficient). *Bearden* is inapposite here because the district court did not impose a term of imprisonment; it instead opted to impose a new supervised release term, with a 60-day period of home confinement. In any event, the evidence here was sufficient to show willfulness, notwithstanding the fact that Sikutwa paid more than was required on some occasions. *See United States v. Jeremiah*, 493 F.3d 1042, 1045-46 (9th Cir. 2007).

**AFFIRMED.**