**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50120 |
| Plaintiff-Appellee, | D.C. No. 8:09-cr-00180-AHM-1 |
| v. | |
| EDWARD LANTZ FERGUSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Alvin Howard Matz, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before: W. FLETCHER and PAEZ, Circuit Judges, and GLEASON,** District
Judge.

Edward Ferguson appeals from the revocation of his supervised release

based on the district court's finding of three violations of the terms of his

supervised release. Ferguson argues the evidence was insufficient to show that he

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

violated his conditions of supervised release. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

A district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir. 1996). We review a district court's decision to revoke a term of supervised release for abuse of discretion. *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). "On a sufficiency-of-the-evidence challenge to a supervised release revocation, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks and citations omitted).

The record contains sufficient evidence to support the district court's decision. First, in support of the allegation that Ferguson transferred, sold, gave away or conveyed an asset with a fair market value in excess of $500 without approval, the signed interspousal transfer grant deed states that for valuable consideration, Ferguson granted his wife the property as her sole and separate property. The evidence also showed that probation did not approve the transfer. Next, in support of the allegation that Ferguson failed to submit truthful monthly probation reports, the business manager for Ferguson's former employer testified

2

that Ferguson's formal employment ended in about May of 2016.  Finally, in support of the allegation that Ferguson changed his employment without notifying probation, the record includes testimony from which the district court reasonably inferred that Ferguson was employed by his wife's business.

AFFIRMED