NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10224 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00080-GMN |
| v. | |
| CORNELL DUQAUNEX ANDERSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted February 19, 2019**

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Cornell Duqaunex Anderson appeals from the district court's judgment and

challenges the 54-month supervised release term imposed upon revocation of

supervised release. We have jurisdiction 28 U.S.C. § 1291, and we affirm.

Anderson first contends that the district court violated his due process rights,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and the Confrontation Clause, by sentencing him based on unproven violation conduct that was supported only by hearsay evidence in a police report. This argument is unavailing. The admission of the report was harmless as to the court's decision to revoke because the court did not find the violation described in the report. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). To the extent the court relied on the report at sentencing, it did not violate Anderson's rights. *See United States v. Vera*, 893 F.3d 689, 692 (9th Cir. 2018) ("At sentencing, the Confrontation Clause does not apply[.]"); *United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (district court may rely on "wide variety of information at sentencing," including hearsay, as long as the information has "some minimal indicium of reliability beyond mere allegation" (internal quotations omitted)).

Anderson next contends that the district court procedurally erred by insufficiently explaining its decision to impose the statutory maximum term of supervision. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record demonstrates that the district court considered Anderson's mitigating arguments, probation's sentencing recommendation, and the 18 U.S.C. § 3583(e) sentencing factors. Anderson has not shown a reasonable probability that he would have received a different sentence had the district court said more. *See United States v.*

18-10224

*Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Finally, Anderson argues that the term of supervised release is substantively unreasonable in light of the nature of his violations and his previous period of success on supervision. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 54-month term is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-10224