NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Appellee,<br><br>  v.<br><br>WILLIE CLIFTON,<br><br>      Defendant-Appellant. | No.   22-10078<br><br>D.C. No. 3:15-CR-00479<br>Northern District of California<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
For the Northern District of California
Charles R. Breyer, District Court Judge, Presiding

Submitted[**] February 17, 2023
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Willie Clifton (Clifton) challenges the district court's revocation of his

supervised release after it found him guilty of two counts of domestic violence and

one count of controlled substance use based on fourteen positive drug tests.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.[1]

Clifton contends that his due process right to confront an adverse witness was violated by the admission of hearsay evidence from one of the two women against whom he committed domestic violence. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (holding that due process includes the "the right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)" at a revocation hearing); *see also* Fed. R. Crim. P. 32.1(b)(2)(C). We review de novo whether the trial court violated Clifton's due process right to confrontation. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

We need not reach the issue of whether there was a due process violation because, even if there was error, it was harmless beyond a reasonable doubt. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003) ("A due process violation at a revocation proceeding is subject to harmless error analysis." (citation omitted)). Clifton would have received the same sentence even absent any alleged due process violation. *Cf. United States v. Havier*, 155 F.3d 1090, 1094 (9th Cir. 1998) (finding error was not harmless when district court might have imposed different sentence if the violation had not occurred). At the revocation hearing,

---

[1]    The parties are familiar with the facts of this case, so we include them only as necessary to resolve the appeal.

Clifton conceded the controlled substance count, which was substantiated by fourteen positive drug tests. On appeal, Clifton also does not challenge one of the domestic violence charges against him. At the sentencing hearing, the district court was unequivocal it would "give the same sentence" even if Clifton were guilty of only one of the domestic violence counts in conjunction with the controlled substance count. Notably, the district court justified this statement by relying almost exclusively on the seriousness of the unchallenged domestic violence allegation, which the court called "wildly disproportionate," to the alleged provocation of the victim and which left the victim with an eye that was so bruised and swollen to almost complete closure that the district court deemed it, after viewing photographic evidence, "horrific."[2] On this record, it is plain that the district court found that the unchallenged controlled substance use and unchallenged act of domestic violence sufficiently serious to impose the sentence Clifton received. Therefore, any error as to the second domestic violence charge was harmless.

**AFFIRMED.**

---

[2] Below, Clifton admitted that he punched the victim, but argued that he acted in self-defense. In a determination also unchallenged here, the district court found that Clifton could not show he used "no more force than was necessary" as required for self-defense given the "excessive" force from his punch that resulted in a serious injury to the victim's eye.

3