**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-902 |
| Plaintiff - Appellee, | D.C. No. 2:19-cr-00051-TOR-1 |
| v. | |
| JACKSON DANIEL BOWERS, | MEMORANDUM* |
| Defendant – Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted August 20, 2024
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Defendant-Appellant Jackson Daniel Bowers appeals the district court order

revoking his supervised release and imposing a new sentence.[1] We have

jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Bowers' claim that Article III, Section 2, Clause 3 of the Constitution guarantees the right to a jury trial in supervised release revocation proceedings is addressed in a concurrently filed opinion.

1.  Bowers claims that the district court admitted hearsay from multiple declarants in violation of his right to confront witnesses under the Fifth Amendment's Due Process Clause and Federal Rule of Criminal Procedure 32.1. Specifically, at the revocation hearing, a probation officer testified to (1) statements that Ms. Mendoza provided to a police officer after Bowers allegedly assaulted her, (2) statements from the police officer who interviewed Ms. Mendoza, and (3) statements from a police officer who reviewed a jail call in which Bowers purportedly violated a restraining order. "Although the Federal Rules of Evidence do not strictly apply to revocation proceedings," *United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005), admission of hearsay evidence must satisfy the Fifth Amendment right to due process. *See United States v. Perez*, 526 F.3d 543, 548 (9th Cir. 2008). Thus, "every releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999); *see also* Fed. R. Crim. P. 32.1(b)(1)(B)(iii) (providing for an "opportunity to question adverse witnesses" at revocation hearings). "[T]he court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *Comito*, 177 F.3d at 1170.

By objecting to the "nature of the proceedings" after the district court

admitted hearsay statements from Ms. Mendoza, Bowers preserved his claim for appeal. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174 (2020) ("The question is simply whether the claimed error was 'brought to the court's attention.'" (quoting Fed. R. Crim. P. 52(b))); *see also* Fed. R. Crim. P. 51(b). Thus, we review it de novo, *Perez*, 526 F.3d at 547, and subject it to harmless error analysis, *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003).

Here, the district court erred when it failed to perform the *Comito* balancing test or make an express finding that the interests of justice did not require Ms. Mendoza to appear at the hearing. *Comito*, 177 F.3d at 1170 (noting that a district court's failure to perform the balancing test constitutes error). But the error was harmless because the probation officer's testimony had substantial indicia of reliability and Bowers' assertion of self-defense implied that an assault occurred. *State v. Pottorff*, 156 P.3d 955, 958 (Wash. Ct. App. 2007) ("A defendant asserting self-defense is ordinarily required to admit an assault occurred."). Further, Bowers failed to produce evidence to support his self-defense argument.

Because Bowers did not object to the admission of hearsay statements of the officer who interviewed Ms. Mendoza, we review his claim for plain error. "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) (quoting *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009)). "If these conditions are

met, the reviewing court has the discretion to grant relief so long as the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Hammons*, 558 F.3d at 1103).

The district court committed error, and the error was plain, by failing to conduct the *Comito* balancing test. *Comito*, 177 F.3d at 1170; *Valdivia v. Schwarzenegger*, 599 F.3d 984, 990 (9th Cir. 2010) ("The application of a balancing test to the admission of hearsay evidence in [supervised release] revocation hearings is not an open question in this circuit."). But Bowers' substantial rights were not affected because the probation officer's testimony had substantial indicia of reliability. Bowers impliedly admitted to the assault by asserting self-defense, and Bowers failed to produce any evidence to support his defense. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (stating that an error "affect[s] substantial rights" when it "affected the outcome of the district court proceedings.").

We also review the admission of hearsay statements from the officer who reviewed the jail call for plain error. As with the admission of the other two hearsay statements, the district court erred by failing to conduct a *Comito* balancing test. But here too, the district court's error did not affect Bowers' substantial rights. Although the evidence before the district court lacked indicia of reliability because the police officer's statements were neither written nor sworn,

Bowers admitted to contacting Ms. Mendoza, claiming that the call was accidental. Nevertheless, he failed to provide evidence to support this defense or explain how he "accidentally" dialed Ms. Mendoza's number from jail. Thus, Bowers cannot show that his substantial rights were affected.

2. We review for plain error Bowers' claim that the district court violated the party presentation principle. Bower alleges that the district court was the "grand jury, prosecutor, petit jury, and sentencing court" and that it left the role of the prosecution in limbo by not accepting the parties' recommendation to dismiss the violations. The party presentation principle requires "the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Here, the district court did not violate the party presentation principle because it acted well within its statutory sentencing discretion, which includes monitoring a defendant's supervision. *See* 18 U.S.C. § 3583(a), (e) (authorizing district courts to impose, terminate, extend, or revoke a defendant's term of supervised release). Also, the district court's power to supervise defendants on supervised release necessarily includes the power to approve or disapprove any agreement between the prosecution and the defendant.

3. Finally, Bowers claims that the district court has insufficient evidence to conclude that he violated the terms of his supervised release by committing assault and violating a protective order. "On a sufficiency-of-the-evidence challenge to a

5                                                    23-902

supervised release revocation, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (quoting *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007)) (internal quotation marks omitted).

As discussed above, the district court had sufficient evidence, including admissions from Bowers about engaging in the conduct in question, to find him in violation of his supervised release by a preponderance of the evidence.

**AFFIRMED.**